HempiiilTj, Ch. J.
The grounds upon which this decision was made do not appear from the record. From the argument of the counsel for appellant it might be inferred that the special exception to the jurisdiction was sustained on tho ground that tho appellee was not a resident of the State, and that she could not as in ordinary cases be cited by publication.
The statutory provision authorizing absent defendants to be summoned'by publication is general, extending to all suits. (Art. 813.) No exception in express terms or by implication exempts cases of divorce from the operation of the general rule. With regard to the process or tho mode of briug- *179 ing defendants into court there is no distinction between causes of divorce and other causes.
On general principles the courts of this State would not take cognizance of suits for divorce where both of the part ie-. reside beyond tiie limits of this State* and in ca-w o£ adultery the statute has made special provision in relation to tlio residence of parties; for instance, where (he marriage is solemnize,d abroad, both parties must be inhabitants of (he tU ate at the t line the adultery was committed, and the plaintiff must have, been an inhabitant as well at the time of tiie adultery committed as at the time of exhibiting (lie petition. But those provision:- a tv not extended to cases where divorce is sought on other grounds than that of adultery. The subsequent section declares that condonation of adultery, by the re-admission of the offender to conjugal society and embraces, would lie a p-rpetual bar to a suit; hut ¡ts this was not declared to be its effect-in regard to other offenses, it was.hold in Wright v. Wright (6 Tex. R., 22) that it di>I not operate as a bar to a complaint for antecedent injuries where títere wa ; ill treatment subsequent t,o tiie reconciliation, or where there was reasonable apprehension of further violence.
A special provision in relation to one offense or one class of offenses, so far from including others not enumerated, would, on established principles of construction. ho regarded as constituting an exception to tiie general rule, which would otherwBe have been applicable to it, with the other offenses not designated.
To maintain a suit for divorce on tiie ground of abandonment, the law does not then (as in case of adultery) require that both parties should have boon inhabitants of the State at tlio time of tin- act which formed the ground of complaint. And whether the marriage were or were not solemnized abroad does not then become an essential point of inquiry, except that under some circumstances (hat fact may become material as a constituent of tiie full and satisfactory evidence on which alone tiie courts are authorized to grant a divorce. If a marriage be contracted abroad, or whether celebrated abroad or not, if tiie parties resided there at tiie time of tiie desertion of the one by the' other with the intention of abandonment, and if subsequently the innocent party becomes an inhabitant of this State and tiie desertion continues, it would form a substantial ground for divorce, and as such would be recognized and enforced by tiie courts of this State.
Tiie fact that the parties were not residents at the inception of the offense would be immaterial, as the statute does not make that a requisite to relief except in cases of adultery.
The real difficulty in sustaining this appeal, and perhaps that was tiie ground on which the demurrer was sustained, consists in the meagreness of tlio aver-ments of (lie petition. Tiie place of tiie celebration of tiie marriage is nowhere sttited in positive terms, though under the circumstances of this ease that becomes a fact of importance. .It is iiot distinctly stated whether it was in Alabama or in Texas. Front some of the averments it might be inferred that it was in this latter State, raising, consequently, the presumption that the wife had left the plaintiff’s bod and board by desertion and removal to a distant country. But the whole of tlio averments produce tiie impression that tiie marriage occurred in Alabama; and as the plaintiff does not allege residence in this State antecedent to marriage, we may infer that his removal to this State was posterior to the marriage; and if so an important question would then arise to be determined on the special facts as to which of those parties the guilt of abandonment really attached. For though by fiction of law tlio domicile of tiie husband becomes-that of tlio wife, and she is in general under the necessity of following him in his removals from place to place, and of making his home lier place of abode, yet this is a rule not without its exceptions; and how far it may operate or be restricted when the husband chooses to abandon tlio government under which lie lias lived and transfer himself to another, it- is not necessary now to discuss, as the question is not upon the averments of this petition properly pre *180 sented. A loose and vague mode of stating- the facts on which divorce is sought is highly objectionable, and allegations of this character should always be discountenanced by tho courts.
The contract of marriage is of too much importance to be dissolved unless upon the existence in fact of grounds which in contemplation of law are sufficient for that purpose. And the facts should be fully and distinctly set forth, that the court may judge of their sufficiency.
The certainty and fullness of pleadings requisite in suits for divorce were discussed in Wright v. Wright, (3 Tex. R., 168,) and it was there stated that in suits on the ground of adultery or cruelty the acts of adultery or cruelty must be specifically stated; and where desertion without sufficient cause, and against the consent of the other party, is ground for divorce, it is not sufficient to state that the libellee unnecessarily and without sufficient cause abandoned the libellant, but the circumstances attending- the desertion must be particularly stated, that the court may judge of the legal sufficiency of the complaint. (11 N. H. R., 224; 12 N. H. R., 80.)
None of the facts and circumstances attendant upon the alleged abandonment are averred in this petition.
Tire plaintiff should state such facts as will show that the abandonment was really voluntary or without sufficient cause on the part of the wife, and was the offensive desertion contemplated by the statute.
The petition being defective for want of sufficient specification in the aver-ments, there is no error in the dismissal of the suit. This may not have been the ground upon which the exception was sustained; but that is immaterial, as we do not know upon what ground the ruling of the court was based, and on the appeal the whole question of' the sufficiency of the petition is before tisis court. • ,
We are of opinion that there is no error in the judgment and that it be affirmed.
Judgment affirmed.
Note 70. — Besch v. Besch, 27 T., 390.